UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

URIEL VALDOVINO TORRES,

          Plaintiff,

   v.

UNITED STATES OF AMERICA,

          Defendant.

CASE NO. CV10-5896BHS
(CR08-5533BHS)

ORDER COMPELLING
TESTIMONY OF FORMER
COUNSEL

    This matter comes before the Court on Defendant's motion to compel the testimony of attorney Karen Unger (Dkt. 15). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

    On December 6, 2010, Plaintiff filed a 28 U.S.C. § 2255 motion ("2255 motion"), which included an ineffective assistance of counsel claim regarding his former counsel Karen Unger. Dkt. 1 at 3 (Plaintiff's Motion). As the Ninth Circuit has explained:

> It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer. *See, e.g., Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967).

*Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (holding that the scope of the waiver extends only to the litigation of the federal habeas petition; i.e., it does not waive the attorney-client privilege for all time and all purposes); *U.S. v. Chase* 340 F.3d 978, 992 n. 7 (9th Cir. 2003) (following *Bittaker*); *see also* Washington Rules of Professional Conduct 1.6(b)(5) (confidentiality of information, lawyer may reveal information relating

ORDER - 1

to representation of client to respond to allegations in a proceeding concerning the lawyer's representation of the client). Having considered the record and the remainder of the file in this case, the Court finds that the testimony of Karen Unger, former defense counsel to Plaintiff, is critical to understanding the facts and circumstances of this case and the attorney's representation of Defendant and the advice given to Defendant during the course of this prosecution.

Therefore, it is hereby **ORDERED** that Karen Unger come before this court on August 23, 2011, at 10:00 a.m. to testify on this matter.

DATED this 26th day of July, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 2